O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE SINOHUE,<br><br>               Plaintiff,<br><br>     vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>               Defendant. | CASE NO. ED CV 12-00159 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

         Plaintiff claims a variety of errors but, with one exception, the claimed errors merge into two questions: did substantial evidence support the residual functional capacity found by the Administrative Law Judge; and did the Administrative Law Judge properly discount the credibility of Plaintiff and the lay witnesses. The one exception is Plaintiff's first argument that an error was made at the reconsideration stage in describing the severity of Plaintiff's impairments. The Commissioner is correct that errors at that intermediate stage of the administrative process are not before the Court; the Court reviews only the final decision of the Commissioner which, in this case, is the decision of the Administrative Law Judge. 42 U.S.C. § 405(g); *Barnhart v. Thomas*, 540 U.S. 20 (2003).

         Otherwise, the first question presented is whether substantial evidence supports the notion that Plaintiff can perform a species of medium work, and specifically, whether she can stand or walk for up to six hours out of an eight-hour workday, as the

1  Administrative Law Judge found. Plaintiff casts this question in a variety of forms:
2  asserting that the Administrative Law Judge did not consider the treating physician's
3  opinion, by which she means that he did not properly consider record references to a cane,
4  walker, and use of oxygen; that the Administrative Law Judge did not pose a proper
5  hypothetical question to the vocational expert, by which she means that the hypothetical
6  question should have included limitations concerning a cane, a walker and the use of
7  oxygen; and a general argument that the Administrative Law Judge did not give a complete
8  assessment of Plaintiff's residual functional capacity.

9  The Administrative Law Judge took note of Plaintiff's use of a cane and
10 walker. [AR 14] However, he found that Plaintiff's claims of left-side weakness (which
11 would have arguably necessitated the use of a cane or walker) were inconsistent with the
12 medical evidence and indicated an attempt by Plaintiff to exaggerate her symptoms. [AR
13 15] The Administrative Law Judge also found that Plaintiff's oxygen intake was stabilized.
14 [AR 17]

15 The Commissioner's decision stands if substantial evidence supports the
16 Administrative Law Judge's decision, and if the Administrative Law Judge applied the
17 correct legal standard. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).
18 "Substantial evidence," a term of art traditionally used when reviewing administrative
19 decisions, carries the traditional meaning here: "more than a mere scintilla . . . such
20 relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
21 *Id., quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971). Here the Court cannot say
22 that substantial evidence was lacking.

23 The Administrative Law Judge noted that after Plaintiff reported that she had
24 a stroke and complained of left-sided weakness, physical examination nevertheless was
25 normal, and Plaintiff was diagnosed with a psychological disorder, not a physical one, by
26 her treating physician. [AR 18] Subsequently, when Plaintiff presented herself to the
27 hospital and again complained of slurred speech and left-sided weakness, the examining
28 physician opined that Plaintiff's symptoms probably evidenced psychiatric behavior rather

than a stroke. [*Id.*] This evidence, together with the evidence cited by the Administrative Law Judge as to the only-intermittent need for supplemental oxygen, constituted substantial evidence in support of the Administrative Law Judge's decision. Even if one might view this evidence in a different light, it still stands as substantial evidence backing the Commissioner's decision. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

        The Administrative Law Judge also found that Plaintiff's level of daily activities was inconsistent with her assertion that her impairments were disabling. In this Court, Plaintiff does not attack this finding; instead, Plaintiff argues simply that there was record evidence in support of Plaintiff's complaints, and that it is inappropriate to discount a claimant's subjective statements on the basis that they are inconsistent with the medical evidence. The law, however, is more nuanced; while medical evidence alone cannot suffice to justify disbelief as to unexpected levels of pain, "medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects. 20 C.F.R. § 404.1529(c)(2)" *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001)." In addition, the Administrative Law Judge here did not just rely on inconsistent objective medical evidence; he referenced various activities that he found to be inconsistent with the level of impairment that Plaintiff was asserting, and therefore found that Plaintiff was not believable when she asserted that she could not work. The Administrative Law Judge also noted that Plaintiff in fact had done some work after the date she claimed to have become disabled and, as noted above, that she had exaggerated her symptoms. In evaluating credibility, an administrative law judge may use ordinary techniques of viewing evidence, and the Administrative Law Judge acted within his province in making his finding here. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

        Buried within her argument about credibility, Plaintiff asserts that the Administrative Law Judge "determined that a number of plaintiff's impairments were not [sic] non-severe or not supported by the medical evidence including diabetes, degenerative

disc disease, disabling pelvic pain, left side weakness, migraines, depression and seizures (AR 12, 15); however, all of these impairments are supported in the medical records by plaintiff. [record citations omitted]." (Plaintiff's Memorandum in Support of Complaint 24:6-12.) Severity is a question of the ability to perform basic functions, *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), but Plaintiff does not develop this argument and show any way in which any of these impairments affected her ability to perform basic functions. Several of them, of course, the Administrative Law Judge did address in his analysis of the medical evidence.

Finally, Plaintiff asserts that the Administrative Law Judge erred in rejecting lay evidence. Much of that evidence was unsworn. But even if it otherwise was proper to consider it, the Administrative Law Judge was within his province in discrediting it, because it derived largely from Plaintiff herself, whose testimony the Administrative Law Judge had discredited. *See Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: October 19, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE